OPINION
{¶ 1} Defendant-Appellant Janice Hardy appeals her convictions for numerous incidents of identity theft. On appeal Hardy presents three assignments of error, all related to the trial court's decision denying her motion to suppress evidence and statements. For the following reasons we affirm the judgment of the trial court.
 {¶ 2} On June 16, 1998 the Huber Heights Police Department received a complaint from Peggy Matts that someone else had used her name, social security number, and birth date in order to obtain a credit card from First USA Bank. Detective James Gebhart was assigned to investigate.
 {¶ 3} Through a series of addresses, Det. Gebhart linked Janice Hardy to the First USA account. He also learned that Hardy was using at least four different aliases and at least two different Ohio operator's licenses to obtain loans from First USA Bank. Hardy had vehicles registered in her name, listing her address as 3819 Stormont Road in Trotwood. A previous criminal investigation showed the same address as well as a second address of 4444 Owens Drive. Det. Gebhart compiled all of this information into an affidavit and presented it to a judge in order to obtain a search warrant for 3819 Stormont Road.
 {¶ 4} Detective Gebhart took the search warrant to the Stormont address, but nobody was home. He next went to Hardy's place of employment and spoke with her supervisor, who said that she was not at work that day and provided her home address on Owens Drive. Based on this new information, Det. Gebhart immediately had an addendum to his original affidavit prepared in order to obtain a search warrant for the Owens Drive address. Det. Gebhart took both the original warrant and the addendum back to the issuing judge. At that time Det. Gebhart separately swore to the addendum, which was physically attached to the original warrant, and the judge approved the addendum.
 {¶ 5} Det. Gebhart went to 4444 Owens Drive, where he found Hardy and provided her with a copy of the search warrant and advised her of her Miranda rights. Hardy indicated that she understood her rights and began to talk to the detective, telling him that the documents that he was looking for were in the back room. Hardy then accompanied the detective to the Stormont address, where police recovered many items that were purchased with fraudulently obtained credit. Hardy was not arrested at that time, but instead was returned to her Owens Drive address.
 {¶ 6} Hardy was indicted on February 10, 1999 with twelve counts of theft, twenty-two counts of forgery, five counts of receiving stolen property, and one count of misuse of credit cards. After the trial court overruled her motion to suppress, Hardy pled no contest to eight counts in exchange for the dismissal of the remaining thirty-two counts. The trial court sentenced her to a four-year term of imprisonment.
 {¶ 7} The issue of the validity of the search warrant and its addendum has been before this court twice before. The first time we reversed and remanded the case to the trial court to determine whether the addendum and its relationship to the search warrant was legally sufficient to authorize a search of the Owens Drive property, and if not, whether the good faith exception applied to the search. State v.Hardy (Jan. 26, 2001), Montgomery App. No. 18301. Rather than take additional evidence, the trial court issued a two-prong opinion. The court found that since neither party originally had presented evidence regarding the addendum, either it was properly sworn to before the judge and the warrant was valid, or the search was valid because the detective had executed the warrant in good faith reliance on the judge's approval. Hardy again appealed.
 {¶ 8} The second time that the case was before us, we remanded it for a hearing to "determine whether the addendum was attached to the first affidavit and search warrant when it was presented to the issuing judge and whether Detective Gebhart took an oath before the issuing judge on the truth of the statements contained in the addendum." State v.Hardy, Montgomery App. No. 19029, 2002-Ohio-2371, ¶ 15. Following the second remand, the trial court held a hearing and received the testimony of the arresting officer regarding the procedures for obtaining the search warrant and the approval of the addendum. The trial court found the warrant legally sufficient, and again overruled the motion to suppress. Hardy filed a timely notice of appeal.
 {¶ 9} Hardy's first assignment of error:
 {¶ 10} "A warrant for one address cannot authorize a search at a second address based upon a facially deficient `Addendum' which has been attached and sworn to at a later date."
 {¶ 11} Hardy's second assignment of error:
 {¶ 12} "A warrant for one address cannot authorize a search at a second address based upon a facially deficient `Addendum' which has been attached and sworn to at a later date."
 {¶ 13} Although her first two assignments of error are worded in exactly the same way, Hardy presented two interrelated arguments. Hardy first claims that the search warrant procedure and paperwork were not legally sufficient to support the search of her Owens Drive residence. Alternatively, she argues that the search could not be allowed under the good faith exception to the exclusionary rule. However, after a careful review of the entire record, we find that the search warrant was properly issued and that the addendum for the Owens Drive residence was properly sworn to and approved by the issuing judge.
 {¶ 14} When deciding a motion to suppress evidence, the trial court serves as the trier of fact and judges the credibility of witnesses and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19,20, 437 N.E.2d 583. An appellate court is bound to accept the trial court's factual findings if they are supported by competent and credible evidence, and the appellate court must then independently determine as a matter of law if the minimum constitutional standard has been met. Statev. Williams (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141.
 {¶ 15} As we previously stated, "if . . . the detective did present the addendum to the issuing judge attached to the first affidavit and search warrant and the detective swore to the truth of the statements in the addendum, then pursuant to Thurman and Owens the addendum was legally sufficient to authorize the search of the Owens Drive address." Hardy,
Montgomery App. No. 19029, ¶ 15, citing State v. Thurman (July 2, 1991), Montgomery App. No. 12420, unreported; State v. Owens (1975),51 Ohio App.2d 132, 366 N.E.2d 1367.
 {¶ 16} At the hearing on remand, Det. Gebhart testified that he had separately sworn to the addendum, which was attached to the original affidavit and search warrant. Thus, the trial court's factual finding was supported by competent, credible evidence. Therefore, in accordance with this Court's prior opinion, the search warrant and its addendum were legally sufficient to search the Owens Drive residence, and a second search warrant was not necessary. Id. Moreover, because the search warrant was properly issued and its addendum properly sworn to and approved, Hardy's good faith argument is moot and need not be addressed. Accordingly, Hardy's first and second assignments of error are without merit and are overruled.
 {¶ 17} Hardy's third assignment of error:
 {¶ 18} "Appellant's statements to the investigating detective are derivative of an illegal search and must be suppressed."
 {¶ 19} Here Hardy insists that the statements she made to the investigating officers were obtained as a direct result of an illegal search, and they should have been suppressed. However, because the search of the Owens Drive residence was permitted by a valid search warrant, Hardy's statements were not the result of an unlawful search, and her statements were admissible. Therefore, Hardy's third assignment of error is overruled.
 {¶ 20} Having overruled all three of Hardy's assignments of error, the judgment of the trial court is affirmed.